Connecticut Local Form Chapter 13 Plan                                                      5/2025

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

**Fill in this information to identify your case:**

Debtor 1*   | Robert | L. | Rice |
First Name    Middle Name    Last Name

Social Security Number: XXX - XX - [0] [9] [9] [4]
(Enter only last 4 digits)

**CHAPTER 13 PLAN**

Debtor 2*
Spouse, if filing

First Name    Middle Name    Last Name

Social Security Number: XXX - XX - [ ][ ][ ][ ]
(Enter only last 4 digits)

Case number |25-30870|
(If known)

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

☑ Original Plan

## I.                                          NOTICES

To Debtors:   Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the Clerk.

"Collateral" as used in this Chapter 13 Plan means the property securing a claim.

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure or local rules adopted after December 1, 2017. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.3. | ☐ Included | ☑ Not Included |
| Assumption or rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, set out in Section VI. | ☐ Included | ☑ Not Included |

To Creditors:   Your rights may be affected by this Chapter 13 Plan. **You must file a timely proof of claim in order to be paid**. *See* Fed.R.Bankr.P. 3002. Your claim may be modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Chapter 13 Plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 7 days before the date set for confirmation of the Chapter 13 Plan**, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015.

This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment.

To All Parties:   The Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any non-standard provision is Included or Not Included in Section VII of this Chapter 13 Plan.

| Non-standard provisions, set out in Section VII. | ☐ Included | ■ Not Included |
|---|---|---|

## II.   PLAN PAYMENTS AND LENGTH OF PLAN

The Debtor shall submit all or such portion of future earnings or other future income of the Debtor to the supervision and control of the Chapter 13 Standing Trustee as is necessary for the execution of this Chapter 13 Plan as required by 11 U.S.C. § 1322(a)(1). Payments by the Debtor will be made as set forth in this Section II. Debtor(s) shall make the first Plan payment no later than thirty [30] days after the date the Petition was filed.

**2.1 Payments to Chapter 13 Standing Trustee.**

Is this a modified plan?   ☐ Yes   ■ No

The Debtor will make equal monthly payments to the Chapter 13 Standing Trustee as follows:

| $ 700.00 | per month for 60 | months.  Total $ 42,000.00 |
|---|---|---|

If fewer than 60 months of payments are specified, additional monthly payments may be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan.

**2.2 Source of Payments to the Chapter 13 Standing Trustee.**

All plan payments must be made in the form of certified check, bank check, money order, or electronically via www.tfsbillpay.com.
*Check all that apply.*

☐ The Debtor will make payments pursuant to a payroll deduction order.

■ The Debtor will make payments directly to the Chapter 13 Standing Trustee electronically or at the following address (include case number on payment):

Roberta Napolitano, Chapter 13 Standing Trustee
PO Box 610
Memphis, TN 38101-0610

**2.3 <u>Income Tax Refunds.</u>**

*Check one.*

■ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.

☐ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.

☐ The Debtor will treat income tax refunds as follows:

**2.4 <u>Additional Payments.</u>**

*Check one.*

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**2.5 <u>Estimated Total Payments.</u>**

The estimated total payments to be made by the Debtor under this Chapter 13 Plan to the Chapter 13 Standing Trustee is:

$ | 42,000.00 |

**2.6 <u>Order of Payments to Creditors by the Chapter 13 Standing Trustee</u>**

Payments by the Chapter 13 Standing Trustee to classes of claims shall be made in the following order:

> A. ORDER OF DISTRIBUTION
>
> 1st- ADMINISTRATIVE Attorney Fees (if applicable)
>
> 2nd - PRIORITY CLAIMS:  Subsequent to payment of Administrative Fees, all claims entitled to priority under 11 U.S.C. §507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C. §1322(a)(2)and (a)(4).
>
> 3rd -  SECURED CLAIMS: Concurrent with the above payments to Priority creditors, Secured creditors whose claims are duly proved and allowed, together with interest if applicable
>
> 4th - GENERAL UNSECURED CLAIMS: Subsequent to payments to Priority and Secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed

The Chapter 13 Standing Trustee shall make payments from the funds received from the Debtor pursuant to this Chapter 13 Plan until satisfaction of all costs of administration, all claims entitled to priority under 11 U.S.C. § 507, the present value of all allowed secured claims, and payments to unsecured creditors as provided in this Chapter 13 Plan.

## III. TREATMENT OF SECURED CLAIMS

**3.1 <u>Secured Claims That Will Not Be Modified.</u>**

Secured claims that will not be subject to a valuation motion pursuant to 11 U.S.C. § 506, or to avoidance pursuant to 11 U.S.C. § 522(f), shall be described in this section.

Check all that apply.

☐ None. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

■ There are secured claims where an arrearage will be paid ("cured") through this Chapter 13 Plan and current post-petition payments will be paid ("maintained") by the Debtor. Under a "cure and maintain" plan, the Chapter 13 Trustee will disburse funds paid into this Chapter 13 Plan to cure a pre-petition arrearage. Separately, the Debtor will make regular monthly payments directly to the creditor to maintain post-petition amounts due.

■ There are secured claims that will be paid in full through this Chapter 13 Plan.

■ There are secured claims treated in this Chapter 13 Plan that are not going to be modified.

---

1. Creditor:   CT Housing Finance Authority

Last 4 Digits of Account No.:   ☐ ☐ ☐ ☐

Proof of Claim No.:   _____

■ If the Plan proposes to cure and maintain a secured claim:

Arrearage to be paid through the Plan (Cure): $   37,000.00

Regular Payment (Maintain) made directly by Debtor: $   2,385.00 /month

☐ If the Plan proposes to pay the balance of the secured claim through the Plan:

Entire balance on Petition Date to be paid through the Plan: $ _____

Interest Rate on Balance:   0.000%

☐ If there are secured claims that are not going to be modified:

Payment to be made directly to the Creditor by the Debtor $ _____ /month.

■ Real Property
   ■ Principal Residence
   ☐ Other (describe)
   Address of Collateral:
   113 Daniel Road, Hamden, CT  06517

Check below regarding real property taxes and insurance:
   ■ Mortgage payments include escrow for:
      ■ Real estate taxes
      ■ Homeowners Insurance
   ☐ Debtor pays directly for:
      ☐ Real estate taxes
      ☐ Homeowners Insurance

☐ Personal Property/Vehicle
   *Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

---

2. Creditor:   Capital One Auto Finance

Last 4 Digits of Account No.:   ☐ ☐ ☐ ☐

Proof of Claim No.:   _____

☐ If the Plan proposes to cure and maintain a secured claim:

Arrearage to be paid through the Plan (Cure): $ _____

Regular Payment (Maintain) made directly by Debtor: $ _____ /month

☐ If the Plan proposes to pay the balance of the secured claim through the Plan:

Entire balance on Petition Date to be paid through the Plan: $ [               ]

Interest Rate on Balance: [   0.000%   ]

■ If there are secured claims that are not going to be modified:

Payment to be made directly to the Creditor by the Debtor $ [          479.11] /month.

☐ Real Property

■ Personal Property/Vehicle

Description of Collateral (include first digit and last four digits of VIN# for any vehicle): [2] - [5] [8] [9] [2]

[2014 Mercedes Benz E350]

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

3. Creditor: [Enterprise Auto Finance]

Last 4 Digits of Account No.: ☐ ☐ ☐ ☐

Proof of Claim No.: [          ]

☐ If the Plan proposes to cure and maintain a secured claim:

Arrearage to be paid through the Plan (Cure): $ [          ]

Regular Payment (Maintain) made directly by Debtor: $ [          ] /month

■ If the Plan proposes to pay the balance of the secured claim through the Plan:

Entire balance on Petition Date to be paid through the Plan: $ [        1,500.00]

Interest Rate on Balance: [   8.000%   ]

☐ If there are secured claims that are not going to be modified:

Payment to be made directly to the Creditor by the Debtor $ [          ] /month.

☐ Real Property

■ Personal Property/Vehicle

Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐ - ☐ ☐ ☐ ☐

[2013 Grand Caravan]

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

4. Creditor: [Holiday Inn Club Vacations]

Last 4 Digits of Account No.: ☐ ☐ ☐ ☐

Proof of Claim No.: [          ]

☐ If the Plan proposes to cure and maintain a secured claim:

Arrearage to be paid through the Plan (Cure): $ _____

Regular Payment (Maintain) made directly by Debtor: $ _____ /month

☐ If the Plan proposes to pay the balance of the secured claim through the Plan:

Entire balance on Petition Date to be paid through the Plan: $ _____

Interest Rate on Balance: | 0.000%

☐ If there are secured claims that are not going to be modified:

Payment to be made directly to the Creditor by the Debtor $ | 200.00 /month.

■ Real Property

  ☐ Principal Residence

  ■ Other (describe)

    Timeshare

  Address of Collateral:

    Lake Resort River Island

Check below regarding real property taxes and insurance:

☐ Mortgage payments include escrow for:

  ☐ Real estate taxes

  ☐ Homeowners Insurance

☐ Debtor pays directly for:

  ☐ Real estate taxes

  ☐ Homeowners Insurance

☐ Personal Property/Vehicle

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed above as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated above are controlling. If relief from the automatic stay is ordered as to any item of Collateral listed in this Section, then, unless otherwise ordered by the Court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that Collateral will cease, and all secured claims based on that Collateral will no longer be treated by this Chapter 13 Plan.

The Debtor shall pay current real property taxes, personal property taxes, and insurance for property (Collateral) to be retained prior to and after confirmation of any Chapter 13 Plan.

**3.2.  Secured Claims Subject to Valuation Motion.**

  ■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**3.3  Secured Claims Subject To Avoidance (11 U.S.C. § 522(f)).**

  ■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**3.4  Surrender of Collateral.**

  ■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**IV.  TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4)]

**4.1  Applicability Of Post-Petition Interest.**

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4, will be paid in full without post-petition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the Court may order post-petition interest be paid on claims.

Please enter the current interest rate to be paid to the IRS if interest is required to be paid under this Chapter 13 Plan (if the Debtor is being treated as if solvent):   [ 7.000 ] %

If this Chapter 13 Plan proposes to pay post-petition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, 7.00% interest per annum to the Internal Revenue Service's priority and general unsecured federal tax claims.

## 4.2  Trustee's Fees.

The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

## 4.3  Administrative Attorney's Fees.     ☐ PRO BONO

An attorney representing a Chapter 13 Debtor is required to file Form B2030, Disclosure of Compensation of Attorney for Debtor, pursuant to Fed.R.Bankr.P. 2016(b).

Is this a modified plan?   ☐ Yes   ☐ No

| Total Fees: | Total Expenses: | Paid Prior to Confirmation: | Balance Due: |
|---|---|---|---|
| $6,000.00 | $313.00 | $4,316.00 | $1,997.00 |

Total Allowance Sought:   [ $6,313.00 ] (Fees and Expenses)

Payable   [ $1,997.00 ]

[Check one]   ■ Through this Chapter 13 Plan
              ☐ Outside of this Chapter 13 Plan

If the total of the Debtor's attorney's fees prior to entry of a confirmation order is $6,000.00 or less, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 shall be excused unless otherwise ordered by the Court.  Local Bankr. R. 2016-2(b).  If the total of the Debtor's attorney's fees prior to entry of a confirmation order is more than $6,000.00, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 is required.

## 4.4  Domestic Support Obligation(s).

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## 4.5  Priority Claims.

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

# V.                    TREATMENT OF UNSECURED NON-PRIORITY CREDITORS

## 5.1.  Unsecured Non-Priority Claims, Dividend To Be Paid.

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☑ Percentage Plan. Through this Chapter 13 Plan the Debtor proposes to pay a dividend of

| not less than | | 0.000% | over a period of | 60 | months |

to allowed unsecured, non-priority creditors holding claims totaling | $42,000.00 | .

☐ Fixed Contribution Plan. Through this Chapter 13 Plan the Debtor proposes to pay a total of

| $0.00 | over a period of | 0 | months |

to allowed unsecured, non-priority claims on a pro rata basis.  The distribution to creditors holding unsecured, non-priority claims under a fixed contribution plan shall not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 pursuant to Bankruptcy Code § 1325(a)(4).

If the Debtor is being treated as solvent under this Chapter 13 Plan (so that unsecured creditors receive 100% of their claims plus interest), the interest rate to be paid to unsecured, non-tax claims is the Federal Judgment Interest rate as defined by 28 U.S.C. § 1961, on the date the Order Confirming Chapter 13 Plan is entered on the docket.

| **VI.** | **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** |

☑ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

| **VII** | **NON-STANDARD PLAN PROVISIONS** |

☑ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

| **VIII.** | **VESTING OF PROPERTY** |

**In accordance with 11 U.S.C. § 1327(b), property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

☑ plan confirmation.

☐ entry of discharge.

☐ other: [                                                                        ]

CONTINUED ON NEXT PAGE

## DEBTOR(S) DECLARATION

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

| s/Robert L. Rice | |
|---|---|
| Debtor (Signature) | Joint Debtor (Signature) |

| Robert L. Rice | September 26,  2025 | | |
|---|---|---|---|
| Debtor (Type Name) | Date | Joint Debtor (Type Name) | Date |

| s/Audra Buckland | September 26,  2025 |
|---|---|
| Attorney with permission to sign on Debtor's behalf | Date |

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P. 9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's attorney.

## Certificate of Service of Chapter 13 Plan

I am over the age of 18 and not a party to this bankruptcy case. My address is:

Audra Buckland, Law Office of Neil Crane, 2679 Whitney Avenue, Hamden, CT  06518

A true and correct copy of the foregoing document entitled **CHAPTER 13 PLAN** was served pursuant to Fed. R. Bankr. P. 3015(d), in the manner stated below:

1. **SERVED VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to this Court's Administrative Procedures for Electronic Case Filing (Appendix A), the foregoing document will be served using the Court's CM/ECF system via NEF with an embedded hyperlink to the document. On (date) September 26 2025   , I will confirm the CM/ECF docket for this bankruptcy case and will confirm that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Roberta Napolitano: notices@ch13rn.com
U.S. Trustee: USTPRegion02.NH.ECF@USDOJ.GOV

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) September 26, 2025 , I served the following persons and/or entities at the last known addresses in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

Robert L. Rice
113 Daniel Road
Hamden, CT 06517

Alan T. Harrison, Esquire
Attn: President / Manager
6 West River Street #112
Milford, CT 06460

Attorney General of the United States
Attn: President / Manager
US Department of Justice
950 Pennsylvania Avenue
Washington, DC 20530-0001

CACH, LLC
Attn: President / Manager
55 Beattie Pl, Ste. 110
Greenville, SC 29601-5115

Capital One Auto Finance
Attn: President / Manager
PO Box 260848
Plano, TX 75026-0848

Christopher Mutts
c/o Alan Harrison
185 Broad Street
Milford ,CT 06460

Civil Process Clerk
Attn: President / Manager
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510

Clover Financial
Attn: President / Manager
255 Fiserv Drive
Brookfield, WI 53045

CT Housing Finance Authority
Attn: President / Manager
999 West Street
Rocky Hill, CT 06067

Enterprise Auto Finance c/o Chase
Attn: President / Manager
PO Box 78232
Phoenix, AZ 85062-8232

First National Bank of Omaha
Attn: President / Manager
PO Box 2557
Omaha, NE 68103-2557

Hamden Corporation Counsel
Attn: President/Managera
430 Westwoods Road
Hamden, CT 06518

Holiday Inn Club Vacations
Attn: President / Manager
PO Box 9205
Coral Springs, FL 33075-9205

Internal Revenue Service
Attn: President / Manager
PO Box 7346
Philadelphia, PA 19101-7346

KeyBank NA
Attn: President / Manager
PO Box 89438
Cleveland, OH 44101

Kimya M. Rice
Attn: President / Manager
113 Daniel Road
Hamden, CT 06517

Law Offices of Howard Lee Schiff, P.C.
Attn: President/Manager
P O Box 147
East Hampton, CT 06424-0147

Law Offices of Martin Philpot Jr., LLC
Attn: President / Manager
409 Orange Street
New Haven, CT 06511-6000

Marinosci Law Group, PC
Attn: President / Manager
275 West Natick Road, Ste. 500
Warwick, RI 02886

Secretary Housing & Urban Dev.
Attn: President / Manager
451 Seventh Street, SW
Washington, DC 20410

SPG Advance
Attn: President / Manager
1221 McDonald Avenue
Brooklyn, NY 11230

State of Connecticut - DRS
Attn: President / Manager
Collections Unit - Bankruptcy
450 Columbus Blvd., Ste. 1
Hartford, CT 06103-1837

T-Mobile Wireless
Attn: President / Manager
PO Box 742596
Cincinnati, OH 45274

The Edge Fitness
Attn: President / Manager
2300 Dixwell Avenue
Hamden, CT 06514

Town of Hamden Community Development
Attn: President/Manager
11 Pine Street
Hamden, CT 06514

United States Attorney
District of Connecticut
Attn: President / Manager
157 Church Street, 25th Floor
New Haven, CT 06510

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)  September 26 2025  , I served the following persons and/ or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/26/2025 | Audra Buckland | s/Audra Buckland |
|---|---|---|
| Date | Printed Name | Signature |