# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: Robert L. Rice, | Case: 25-30870 |
| Debtor. | Chapter 13 |
| ----- | ------- |
| Christopher Mutts, | Case: |
| Plaintiff | |
| | 2025-10-22 |
| v. | |
| Robert L. Rice, | |
| Defendant | |

## Revised Motion for Examination of Robert L. Rice

On October 20, 2025, the Court issued a notice of deficiency regarding Creditor Christopher Mutt's motion for examination of Robert L. Rice. The notice required:

- a proposed order,
- a notice that includes an objection deadline of seven (7) days, and
- a copy of any subpoena for the production of documents to be served pursuant to Federal Rule of Bankruptcy Procedure 2004(c).

Christopher Mutts now moves the Court to grant an order for examination of the debtor, as attached.

This motion by service upon the debtor provides notice that the debtor has seven days to object, that is, until **October 29, 2025**.

A copy of the subpoena is attached.

Respectfully,
s/Alan Harrison
Alan Harrison (ctd 29464)
alan@sandollar-law.net
203.212.9996
Sandollar PLLC
185 Broad Street
Milford, CT 06460

On October 22, 2025, I served or caused to be served, upon the debtor Robert L. Rice, the above and following papers, by electronic delivery through CM/ECF to his attorneys, Stuart H. Caplan and Audra Buckland of the Law Offices of Neil Crane, LLC. I also caused the above and following papers to be served by a Connecticut State Marshal at the debtor's residence, 113 Daniel Rd, Hamden, Connecticut.

Respectfully,
s/Alan Harrison
Alan Harrison (ctd 29464)
alan@sandollar-law.net
203.212.9996
Sandollar PLLC
185 Broad Street
Milford, CT 06460

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: Robert L. Rice, | Case: 25-30870 |
| Debtor. | Chapter 13 |
| ----- | ------- |
| Christopher Mutts, | Case: |
| Plaintiff | |
| v. | dated: ..................... |
| Robert L. Rice, | |
| Defendant | |

**Proposed Order for Examination of Robert L. Rice**

Pursuant to the Revised Motion of Creditor Christopher Mutts, it is now ordered that the debtor Robert L. Rice submit to examination on the following topics:

Under rule 2004(b)(1):

(A) the debtor's acts, conduct, or property;

(B) the debtor's liabilities and financial condition;

(C) any matter that may affect the administration of the debtor's estate; or

(D) the debtor's right to a discharge.

Under rule 2004(b)(2):

(A) the operation of any business and the desirability of its continuing;

(B) the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan and the consideration given or offered; and

(C) any other matter relevant to the case or to formulating a plan.

The examination to be held for not more than 7 hours at the following time and place:

Tuesday, November 11, 2025 at 9 am.

185 Broad Street

Suite A

Milford, CT 06460.

SO ORDERED.

..........................………

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: Robert L. Rice, | Case: 25-30870 |
| Debtor. | Chapter 13 |
| ----- | ------- |
| Christopher Mutts, | Case: |
| Plaintiff | |
| | 2025-10-22 |
| v. | |
| Robert L. Rice, | |
| Defendant | |

## Subpoena of Robert L. Rice

Pursuant to the pending bankruptcy litigation against the debtor Robert L. Rice, Bankruptcy Rule 2004, and Rule 45 of the Federal Rules of Civil Procedure, creditor Christopher Mutts demands that the debtor produce designated documents, electronically stored information, or tangible things in the debtor's possession, custody, or control, **electronically in PDF format no later than November 4, 2025**.

## Definitions

The following definitions apply to all discovery requests:

(1) Document. The term "document" means any writing, drawing, graph, chart, photograph, sound recording, image, and other data or data compilation, stored in any medium from which information can be obtained either directly or, if necessary, after

translation by the responding party into a reasonably usable form. A draft or nonidentical copy is a separate document within the meaning of this term. A request for production of ''documents'' shall encompass, and the response shall include, electronically stored information, as defined in subsection (a) above, unless otherwise specified by the requesting party.

(2) Identify (with respect to persons). When referring to a person, to ''identify'' means to provide, to the extent known, the person's full nameresent or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subdivision, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(3) Identify (with respect to documents or electronically stored information). When referring to documents or electronically stored information, to ''identify'' means: to provide, to the extent known, information about the (A) type of document or electronically stored information; (B) its general subject matter; (C) the date of the document or electronically stored information; (D) author(s), addressee(s) and recipient(s); and (E) how to access the document or electronically stored information.

(4) Identify (with respect to oral communications). When referring to an oral communication, to ''identify'' means: (A) to state the date and place of the oral communication; (B) to identify all persons hearing, present or participating in the communication; (C) to state whether the communication was in person, by telephone, or

by some other means or medium; (D) to summarize what was said by each such person, or provide a transcript if one is available.

(5) Identify (with respect to an act or event). When referring to an act or event, to "identify" means: (A) to describe the act or event, including its location and its date; (B) to identify the persons participating, present or involved in the act or event; (C) to identify all oral communications which were made at the act or event identified; and (D) to identify all documents concerning the act or event identified.

(6) Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(8) Thing. The term "thing" means any physical specimen, tangible item, or electronic data other than a document.

(9) You. The term "you" means the party or person to whom this subpoena is directed, as well as the party's decedent, ward or incapable person, officers, employees, or agents unless the context of the discovery request clearly indicates otherwise.

The following rules of construction apply to all discovery requests: (1) All/Each. The terms "all" and "each" shall both be construed as all and each. (2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as

necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. (3) Number. The use of the singular form of any word includes the plural and vice versa. (4) Gender. Unless the context clearly requires otherwise, the use of any pronoun or gender-identified form of any word includes both the male and female genders

**Instructions**

The following instructions are to be considered applicable to each request contained herein:

If the debtor asserts that any document or thing responsive to any of these requests is privileged, within 30 days please provide a list identifying any such document or thing for which privilege is claimed.

In producing documents and things, please furnish all responsive documents and things in the debtor's possession, custody, or control, wherever located, regardless of whether such documents are possessed directly by the debtor or its directors, officers, agents, representatives, investigators or by the debtor's attorneys or their agents, representatives or investigators.

If any requested document or thing cannot be produced in full, please produce it to the extent possible, specifying each reason for the debtor's inability to produce the remainder and stating whatever information, knowledge or belief the debtor has concerning the unproduced portion and the expected dates on which full production can be completed.

If any document or thing responsive to any of these requests was, but is no longer in the debtor's possession, custody or control because it has been destroyed, missing, lost, transferred, discarded, or otherwise disposed of, please identify such document or thing as completely as possible.

Please produce documents and things in their entirety either as they are kept in the usual course of business, or organized and labeled according to the requests to which they are responsive. Please produce with each document or thing all of its attachments, enclosures, cover letters, memoranda, appendices, and other related documents and things.

If there are no documents or things that are responsive to a request, please state so in writing, rather than leave the request unanswered.

Please Bates number all documents or things with consecutive numbers.

To the extent that a document or thing may be responsive to more than one request, only one copy of the document or thing need be produced.

If any document or thing is not in the English language, please produce an English translation thereof.

**Materials to Produce**

Please produce all documents accessible by the debtor that relate to or concern the following topics:

1. Q River Grill

2. income of Q River Grill
3. operation of Q River Grill
4. expenses of Q River Grill
5. equipment used in the operation of Q River Grill
6. payments for said equipment
7. payroll of Q River Grill
8. bank accounts of Q River Grill
9. credit cards of Q River Grill
10. leases held by Q River Grill
11. sale of Q River Grill, or its assets
12. Q-4 Team LLC
13. members of Q-4 Team LLC
14. operating agreements of Q-4 Team LLC
15. investments by members in Q-4 Team LLC
16. loans made to Q-4 Team LLC
17. loans made by Q-4 Team LLC
18. distributions made by Q-4 Team LLC
19. bank accounts of Q-4 Team LLC
20. credit cards of Q-4 Team LLC
21. money taken from Q-4 Team LLC by the debtor
22. money given to Q-4 Team LLC by the debtor
23. sale of Q-4 Team LLC, or its assets

Respectfully,

s/Alan Harrison

Alan Harrison (ctd 29464)

alan@sandollar-law.net

203.212.9996

Sandollar PLLC

185 Broad Street

Milford, CT 06460