## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| Robert L. Rice | : | Case No. 25-30870 |
| Debtor | : | |
| | : | February 27, 2026 |

## AMENDMENT TO PETITION

The Debtor hereby amends his petition at **Schedule E/F: Creditors Who Have Unsecured Claims** and updates the **Creditor Matrix** to add The State of Connecticut, Department of Labor, pursuant to the attached Amended Schedule(s). *All other items reflected in the original schedules at ECF No. 7 remain the same.*

WHEREFORE, Your Petitioner prays that notice be given accordingly.

Dated this ____27th____ day of ____February____, 2026.

BY: /s/ Jennifer Tremesani
Jennifer Tremesani, Esquire
Law Offices of Neil Crane, LLC
2679 Whitney Avenue
Hamden, CT 06518
(203) 230-2233
Fed Bar #ct29824

## VERIFICATION

The undersigned, Robert L. Rice, the person who subscribed to the foregoing amended Schedule(s), does hereby declare under penalty of perjury that it contains a true statement of his statement or other information inadvertently omitted, corrected or changed from the original schedule(s) filed with the Court in accordance with the Bankruptcy Code, according to the best of his knowledge, information and belief.

/s/ Robert L. Rice
Robert L. Rice

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Robert L. Rice** | |
| | First Name              Middle Name              Last Name | |
| Debtor 2 | | |
| (Spouse if, filing) | First Name              Middle Name              Last Name | |
| United States Bankruptcy Court for the: | DISTRICT OF CONNECTICUT | |
| Case number | **25-30870** | |
| (if known) | | |

■ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

<table>
<tr><td colspan="2"><b>Part 1:</b>   List All of Your PRIORITY Unsecured Claims</td></tr>
</table>

1. Do any creditors have priority unsecured claims against you?

   ☐ No. Go to Part 2.

   ■ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| **2.1** | **State of Connecticut** | Last 4 digits of account number | $1.00 | $1.00 | $0.00 |
| | Priority Creditor's Name | | | | |
| | **Attn: President / Manager** | When was the debt incurred? | | | |
| | **Department of Labor** | | | | |
| | **200 Folly Brook Boulevard** | | | | |
| | **Wethersfield, CT 06109** | | | | |

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**
- ■ Contingent
- ☐ Unliquidated
- ■ Disputed

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

**Type of PRIORITY unsecured claim:**
- ☐ Domestic support obligations
- ■ Taxes and certain other debts you owe the government
- ☐ Claims for death or personal injury while you were intoxicated
- ☐ Other. Specify _____

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**Any personal liability**

<table>
<tr><td colspan="2"><b>Part 2:</b>   List All of Your NONPRIORITY Unsecured Claims</td></tr>
</table>

3. Do any creditors have nonpriority unsecured claims against you?

   ■ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ☐ Yes.

<table>
<tr><td colspan="2"><b>Part 3:</b>   List Others to Be Notified About a Debt That You Already Listed</td></tr>
</table>

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

<table>
<tr><td colspan="2"><b>Part 4:</b>   Add the Amounts for Each Type of Unsecured Claim</td></tr>
</table>

Debtor 1   Robert L. Rice                                            Case number (if known)   25-30870

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

|  |  |  | Total Claim |
|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. $ 1.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. $ 1.00 |

|  |  |  | Total Claim |
|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. $ 0.00 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. $ 0.00 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | __Robert L. Rice__ |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF CONNECTICUT |
| Case number (if known) | __25-30870__ |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | **Sign Below** |
|---|---|

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

| | |
|---|---|
| X __/s/ Robert L. Rice__ | X _____ |
| __Robert L. Rice__ | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| | |
| Date __February 27, 2026__ | Date _____ |

**United States Bankruptcy Court**
**District of Connecticut**

In re    **Robert L. Rice**                                        Case No.    **25-30870**

                                        Debtor(s)                              Chapter    **13**

## VERIFICATION OF CREDITOR MATRIX - AMENDED

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **February 27, 2026**              **/s/ Robert L. Rice**

                                    **Robert L. Rice**
                                    Signature of Debtor

State of Connecticut
Attn: President / Manager
Department of Labor
200 Folly Brook Boulevard
Wethersfield, CT 06109

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Robert L. Rice** | Social Security number or ITIN   xxx–xx–0994 |
| | First Name    Middle Name    Last Name | EIN   __–_____ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN   ____ |
| | First Name    Middle Name    Last Name | EIN   __–_____ |
| United States Bankruptcy Court    **District of Connecticut** | | Date case filed for chapter  13  9/12/25 |
| Case number:   **25-30870 amn** | | |

## Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

10/1/20

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Robert L. Rice | |
| 2. | **All other names used in the last 8 years** | aka Robert Rice, aka Robert Larry Rice | |
| 3. | **Address** | 113 Daniel Road Hamden, CT 06517 | |
| 4. | **Debtor's attorney** Name and address | Audra Buckland Law Offices of Neil Crane 2679 Whitney Avenue Hamden, CT 06518 | Contact phone 203-230-2233 Email: audra@neilcranelaw.com |
| 5. | **Bankruptcy trustee** Name and address | Roberta Napolitano Chapter 13 Trustee 10 Columbus Boulevard Ste 6th Floor Hartford, CT 06106 | Contact phone 860-278-9410 |
| 6. | **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 157 Church Street 18th Floor New Haven, CT 06510 | Hours open: 9:00 a.m. – 4:00 p.m. Monday – Friday Contact phone 203-773-2009 Date: 9/12/25 |

**For more information, see page 2**

Debtor  Robert L. Rice                                                                                    Case number 25-30870

| 7. Meeting of creditors | October 17, 2025 at 09:30 AM | Location: |
|---|---|---|
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, date will be on the court docket. | **Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 245 436 3346, and Passcode 1109031655 OR call 1 605 910 8017**<br><br>For additional meeting information go to www.justice.gov/ust/moc |

| 8. Deadlines | **Deadline to file a complaint to challenge dischargeability of certain debts:** | **Filing deadline: December 16, 2025** |
|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br><br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: November 21, 2025** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline:** Governmental agencies who wish to file a proof of claim should do so within 180 days of the date the Order for Relief was entered. |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| 9. Filing of plan | The debtor has not filed a plan as of this date. A copy of the plan or summary and a notice of the hearing on confirmation will be sent separately. |
|---|---|
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. |

Connecticut Local Form Chapter 13 Plan                                        9/2025

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| **Fill in this information to identify your case:** | | | |
|---|---|---|---|
| Debtor 1* | Robert | L. | Rice |
| | First Name | Middle Name | Last Name |

Social Security Number: XXX - XX - 0 9 9 4
(Enter only last 4 digits)

CHAPTER 13 PLAN

| Debtor 2* | | | |
|---|---|---|---|
| Spouse, if filing | First Name | Middle Name | Last Name |

Social Security Number: XXX - XX - ☐☐☐☐
(Enter only last 4 digits)

Case number  25-30870
(If known)

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

■ 1st  Amended Plan (Indicate 1st, 2nd, etc.)    ECF No. of prior plan  10

Amended Plan: Only complete this section if this is an amended plan before confirmation.
Sections of the Plan that have been amended (list):

| Plan Section(s) | Amendment(s) (Describe) |
|---|---|
| 3.1, 4.5, 5.1 | Match filed claims |
| 3.1.3 | Reduce interest rate for Wells Fargo Bank, N.A. from 8.00% to 7.00% |
| I, VII | Include non-standard provision re: tax estimates |

If your plan amendment affects all creditors of a certain class (secured, priority or unsecured non-priority)
check each class of creditors affected.  If the changes above affect only individual creditors, list each below.

All Creditors (check all that apply):
- ■ secured
- ■ priority
- ■ unsecured, non-priority

■ The amendment affects individual creditors. List each below.

| Creditor Name(s) | Proof of Claim Number | Type of Claim |
|---|---|---|
| Wells Fargo Bank, N.A. | 5 | Secured |
| Internal Revenue Service | 2-1 | Priority |
| Connecticut Department of Revenue Services | 6-1 | Priority |

## I.                                  NOTICES

To Debtors:  Plans that do not comply with local rules and judicial rulings may not be confirmable.
All plans, amended plans and modified plans shall be served upon all creditors by the
Debtor and a certificate of service shall be filed with the Clerk.

"Collateral" as used in this Chapter 13 Plan means the property securing a claim.

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure or local rules adopted after December 1, 2017. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.3. | ☐ Included | ■ Not Included |
| Assumption or rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, set out in Section VI. | ☐ Included | ■ Not Included |

To Creditors:    Your rights may be affected by this Chapter 13 Plan. **You must file a timely proof of claim in order to be paid.** *See* Fed.R.Bankr.P. 3002. Your claim may be modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Chapter 13 Plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 7 days before the date set for confirmation of the Chapter 13 Plan**, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015.

This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment.

To All Parties:    The Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any non-standard provision is Included or Not Included in Section VII of this Chapter 13 Plan.

| | | |
|---|---|---|
| Non-standard provisions, set out in Section VII. | ■ Included | ☐ Not Included |

| **II.** | **PLAN PAYMENTS AND LENGTH OF PLAN** |
|---|---|

The Debtor shall submit all or such portion of future earnings or other future income of the Debtor to the supervision and control of the Chapter 13 Standing Trustee as is necessary for the execution of this Chapter 13 Plan as required by 11 U.S.C. § 1322(a)(1). Payments by the Debtor will be made as set forth in this Section II. Debtor(s) shall make the first Plan payment no later than thirty [30] days after the date the Petition was filed.

## 2.1 Payments to Chapter 13 Standing Trustee.

Is this a modified plan? ☐Yes ■No

The Debtor will make equal monthly payments to the Chapter 13 Standing Trustee as follows:

$ ___700.00___ per month for 60 months. Total $ ___42,000.00___

If fewer than 60 months of payments are specified, additional monthly payments may be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan.

## 2.2 Source of Payments to the Chapter 13 Standing Trustee.

All plan payments must be made in the form of certified check, bank check, money order, or electronically via www.tfsbillpay.com.
*Check all that apply.*
☐ The Debtor will make payments pursuant to a payroll deduction order.
■ The Debtor will make payments directly to the Chapter 13 Standing Trustee electronically or at the following address (include case number on payment):

> Roberta Napolitano, Chapter 13 Standing Trustee
> PO Box 610
> Memphis, TN 38101-0610

## 2.3 Income Tax Refunds.

*Check one.*
■ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.
☐ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.
☐ The Debtor will treat income tax refunds as follows:

## 2.4 Additional Payments.

*Check one.*
■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## 2.5 Estimated Total Payments.

The estimated total payments to be made by the Debtor under this Chapter 13 Plan to the Chapter 13 Standing Trustee is:

$ ___42,000.00___

## 2.6 Order of Payments to Creditors by the Chapter 13 Standing Trustee

Payments by the Chapter 13 Standing Trustee to classes of claims shall be made in the following order:

A. ORDER OF DISTRIBUTION

1st - ADMINISTRATIVE Attorney Fees (if applicable).

2nd - PRIORITY CLAIMS: Subsequent to payment of Administrative Fees, all claims entitled to priority under 11 U.S.C. §507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C. §1322(a)(2)and (a)(4).

3rd - SECURED CLAIMS: Concurrent with the above payments to Priority creditors, Secured creditors whose claims are duly proved and allowed, together with interest if applicable.

4th - GENERAL UNSECURED CLAIMS: Subsequent to payments to Priority and Secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed.

The Chapter 13 Standing Trustee shall make payments from the funds received from the Debtor pursuant to this Chapter 13 Plan until satisfaction of all costs of administration, all claims entitled to priority under 11 U.S.C. § 507, the present value of all allowed secured claims, and payments to unsecured creditors as provided in this Chapter 13 Plan.

## III.  TREATMENT OF SECURED CLAIMS

### 3.1  Secured Claims That Will Not Be Modified.

Secured claims that will not be subject to a valuation motion pursuant to 11 U.S.C. § 506, or to avoidance pursuant to 11 U.S.C. § 522(f), shall be described in this section.

Check all that apply.

☐ None. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☑ There are secured claims where an arrearage will be paid ("cured") through this Chapter 13 Plan and current post-petition payments will be paid ("maintained") by the Debtor. Under a "cure and maintain" plan, the Chapter 13 Trustee will disburse funds paid into this Chapter 13 Plan to cure a pre-petition arrearage. Separately, the Debtor will make regular monthly payments directly to the creditor to maintain post-petition amounts due.

☑ There are secured claims that will be paid in full through this Chapter 13 Plan.

☑ There are secured claims treated in this Chapter 13 Plan that are not going to be modified.

| 1. Creditor: | Connecticut Housing Finance Authority c/o KeyBank, N.A. |

Last 4 Digits of Account No.:  1 8 5 1

Proof of Claim No.:  4

☑ If the Plan proposes to cure and maintain a secured claim:

  Arrearage to be paid through the Plan (Cure): $ 40,856.80

  Regular Payment (Maintain) made directly by Debtor: $ 2,741.17 /month

☐ If the Plan proposes to pay the balance of the secured claim through the Plan:

  Entire balance on Petition Date to be paid through the Plan: $

  Interest Rate on Balance:

☐ If there are secured claims that are not going to be modified:

Payment to be made directly to the Creditor by the Debtor $ [          ] /month.

☑ Real Property
  ☑ Principal Residence
  ☐ Other (describe)
  Address of Collateral:
  [ 113 Daniel Road, Hamden, CT 06517 ]

Check below regarding real property taxes and insurance:
☑ Mortgage payments include escrow for:
  ☑ Real estate taxes
  ☑ Homeowners Insurance
☐ Debtor pays directly for:
  ☐ Real estate taxes
  ☐ Homeowners Insurance

☐ Personal Property/Vehicle
  *Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

---

**2. Creditor:** [ Capital One Auto Finance ]

Last 4 Digits of Account No.: [0] [8] [1] [9]

Proof of Claim No.: [ 3 ]

☑ If the Plan proposes to cure and maintain a secured claim:

  Arrearage to be paid through the Plan (Cure): $ [ 499.11 ]

  Regular Payment (Maintain) made directly by Debtor: $ [ 479.11 ] /month

☐ If the Plan proposes to pay the balance of the secured claim through the Plan:

  Entire balance on Petition Date to be paid through the Plan: $ [          ]

  Interest Rate on Balance: [          ]

☐ If there are secured claims that are not going to be modified:

  Payment to be made directly to the Creditor by the Debtor $ [          ] /month.

☐ Real Property
☑ Personal Property/Vehicle
  Description of Collateral (include first digit and last four digits of VIN# for any vehicle):  [2] - [5] [8] [9] [2]
  [ 2014 Mercedes Benz E350 ]
  *Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

---

**3. Creditor:** [ Wells Fargo Bank N.A. d/b/a Wells Fargo Auto ]

Last 4 Digits of Account No.: [0] [2] [6] [7]

Proof of Claim No.: [ 5 ]

☐ If the Plan proposes to cure and maintain a secured claim:

Arrearage to be paid through the Plan (Cure): $ [                    ]

Regular Payment (Maintain) made directly by Debtor: $ [                    ] /month

☑ If the Plan proposes to pay the balance of the secured claim through the Plan:

Entire balance on Petition Date to be paid through the Plan: $ [        1,651.54 ]

Interest Rate on Balance: [ 7.000% ]

☐ If there are secured claims that are not going to be modified:

Payment to be made directly to the Creditor by the Debtor $ [                    ] /month.

☐ Real Property

☑ Personal Property/Vehicle

Description of Collateral (include first digit and last four digits of VIN# for any vehicle):  [6] - [8] [4] [6] [9]

[ 2013 Dodge Grand Caravan ]

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

---

4. Creditor: [ Holiday Inn Club Vacations ]

Last 4 Digits of Account No.: [ ] [ ] [ ] [ ]

Proof of Claim No.: [                    ]

☐ If the Plan proposes to cure and maintain a secured claim:

Arrearage to be paid through the Plan (Cure): $ [                    ]

Regular Payment (Maintain) made directly by Debtor: $ [                    ] /month

☐ If the Plan proposes to pay the balance of the secured claim through the Plan:

Entire balance on Petition Date to be paid through the Plan: $ [                    ]

Interest Rate on Balance: [                    ]

☐ If there are secured claims that are not going to be modified:

Payment to be made directly to the Creditor by the Debtor $ [        200.00 ] /month.

☑ Real Property

   ☐ Principal Residence

   ☑ Other (describe)

   [ Timeshare ]

   Address of Collateral:

   [ Orange Lake Resort, River Island - 8505 W Irlo Bronson Memorial Way, Kissimme, Florida ]

Check below regarding real property taxes and insurance:

☐ Mortgage payments include escrow for:

   ☐ Real estate taxes

   ☐ Homeowners Insurance

☐ Debtor pays directly for:

   ☐ Real estate taxes

   ☐ Homeowners Insurance

☐ Personal Property/Vehicle

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed above as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated above are controlling. If relief from the automatic stay is ordered as to any item of Collateral listed in this Section, then, unless otherwise ordered by the Court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that Collateral will cease, and all secured claims based on that Collateral will no longer be treated by this Chapter 13 Plan.

The Debtor shall pay current real property taxes, personal property taxes, and insurance for property (Collateral) to be retained prior to and after confirmation of any Chapter 13 Plan.

**3.2. Secured Claims Subject to Valuation Motion.**

■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**3.3 Secured Claims Subject To Avoidance (11 U.S.C. § 522(f)).**

■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**3.4 Surrender of Collateral.**

■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4)]

**4.1 Applicability Of Post-Petition Interest.**

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4, will be paid in full without post-petition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the Court may order post-petition interest be paid on claims.

Please enter the current interest rate to be paid to the IRS if interest is required to be paid under this Chapter 13 Plan (if the Debtor is being treated as if solvent): 7.000 %

If this Chapter 13 Plan proposes to pay post-petition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, 7.00% interest per annum to the Internal Revenue Service's priority and general unsecured federal tax claims.

**4.2 Trustee's Fees.**

The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

**4.3 Administrative Attorney's Fees.** ☐ PRO BONO

An attorney representing a Chapter 13 Debtor is required to file Form B2030, Disclosure of Compensation of Attorney for Debtor, pursuant to Fed.R.Bankr.P. 2016(b).

Is this a modified plan? ☐ Yes ■ No

| Total Fees: | Total Expenses: | Paid Prior to Confirmation: | Balance Due: |
|---|---|---|---|
| $6,000.00 | $313.00 | $4,316.00 | $1,997.00 |

Total Allowance Sought: [ $6,313.00 ] (Fees and Expenses)

Payable [Check one]

☑ Through this Chapter 13 Plan

[ $1,997.00 ] ☐ Outside of this Chapter 13 Plan

If the total of the Debtor's attorney's fees prior to entry of a confirmation order is $6,000.00 or less, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 shall be excused unless otherwise ordered by the Court. Local Bankr. R. 2016-2(b). If the total of the Debtor's attorney's fees prior to entry of a confirmation order is more than $6,000.00, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 is required.

## 4.4 Domestic Support Obligation(s).

☑ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## 4.5 Priority Claims.

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

This Chapter 13 Plan may provide for less than full payment of all claims entitled to priority under 11 U.S.C.§ 507(a)(1)(b) only if the Chapter 13 Plan provides that all of the Debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under this Chapter 13 Plan will be applied to make payments under the Chapter 13 Plan. This Chapter 13 Plan treats claims entitled to priority pursuant to 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4), as follows:

1. Name of Creditor: [ Internal Revenue Service (income tax estimated for 2024) ]

Proof of Claim Number: [ 2-1 ]

Total Due: [ $32,964.17 ]

Amount of Principal Due: [ $27,953.80 ]

Amount of Interest Due: [ $5,010.37 ]

Interest to be Paid Through Chapter 13 Plan?    ☐ Yes  ☑ No    Interest Rate: [        ]

2. Name of Creditor: [ Connecticut Department of Revenue Services (sales & use tax estimated for March & April 2025) ]

Proof of Claim Number: [ 6-1 ]

Total Due: [ $53,877.47 ]

Amount of Principal Due: [ $44,544.40 ]

Amount of Interest Due: [ $9,333.07 ]

Interest to be Paid Through Chapter 13 Plan?    ☐ Yes  ☑ No    Interest Rate: [        ]

## V.    TREATMENT OF UNSECURED NON-PRIORITY CREDITORS

## 5.1. Unsecured Non-Priority Claims, Dividend To Be Paid.

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☑ Percentage Plan. Through this Chapter 13 Plan the Debtor proposes to pay a dividend of

| | | | |
|---|---|---|---|
| | 0.000% | over a period of | 60 | months |

to allowed unsecured, non-priority creditors holding claims totaling $49,370.78 .

☐ Fixed Contribution Plan. Through this Chapter 13 Plan the Debtor proposes to pay a total of

[                    ] over a period of [            ] months

to allowed unsecured, non-priority claims on a pro rata basis. The distribution to creditors holding unsecured, non-priority claims under a fixed contribution plan shall not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 pursuant to Bankruptcy Code § 1325(a)(4).

If the Debtor is being treated as solvent under this Chapter 13 Plan (so that unsecured creditors receive 100% of their claims plus interest), the interest rate to be paid to unsecured, non-tax claims is the Federal Judgment Interest rate as defined by 28 U.S.C. § 1961, on the date the Order Confirming Chapter 13 Plan is entered on the docket.

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

■ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

## VII NON-STANDARD PLAN PROVISIONS

☐ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

Non-standard provisions must be set forth below, or in an attachment. A non-standard provision is a provision not otherwise included in the Local Form Chapter 13 Plan or deviating from it. Non-standard provisions set out elsewhere in this Chapter 13 Plan are void.

> A. An amended claim filed by the IRS or DRS will prevail over any estimated claims in Plan Section 4.5.

## VIII. VESTING OF PROPERTY

**In accordance with 11 U.S.C. § 1327(b), property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

■ plan confirmation.

☐ entry of discharge.

☐ other: [                                                        ]

CONTINUED ON NEXT PAGE

**DEBTOR(S) DECLARATION**

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

| /s/Robert L. Rice | | | Joint Debtor (Signature) | |
|---|---|---|---|---|
| Debtor (Signature) | | | | |

| Robert L. Rice | January 26, 2026 | | | |
|---|---|---|---|---|
| Debtor (Type Name) | Date | Joint Debtor (Type Name) | | Date |

| /s/Jennifer Tremesani | January 26, 2026 |
|---|---|
| Attorney with permission to sign on Debtor's behalf | Date |

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P. 9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's attorney.

# United States Bankruptcy Court

## District of Connecticut



Filed and Entered
On Docket
February 19, 2026

In re:
    Robert L. Rice
    Debtor*

Case Number: 25-30870
Chapter: 13

### NOTICE OF CHAPTER 13 PLAN CONFIRMATION HEARING

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**PLEASE TAKE NOTICE** that a Confirmation Hearing on the Debtor's Chapter 13 Plan, and any amended or modified plan filed before confirmation in accordance with 11 U.S.C. § 1323, will be held at **157 Church Street, 18th Floor, New Haven, CT 06510** on **March 26, 2026** at **01:30 PM** to consider and act upon the following matter(s):

    **First Amended Chapter 13 Plan Before Confirmation Filed by Jennifer Tremesani on behalf of Robert L. Rice Debtor (Re: Doc #34)**

**NOTICE IS FURTHER GIVEN** that, unless otherwise ordered by the court the initial hearing on the foregoing will be a non-evidentiary hearing, and, may be continued or adjourned without further notice.

If you want the court to consider your response on the above-mentioned matter(s), then you or your attorney must be in attendance on the above scheduled date. If you or your attorney do not attend the above scheduled hearing, the court may decide that you do not oppose the relief sought in the above-referenced matter and may enter an order granting that relief.

**OBJECTION(S) TO THE PLAN SHALL BE FILED ON OR BEFORE: March 19, 2026** before 4:00 p.m. Untimely objections may not be considered.

**CERTIFICATE OF SERVICE:** The Debtor's attorney, or the Debtor, if not represented by counsel, shall file a certificate of service pursuant to Local Bankr. R. 3015-2(c) within three (3) business days of the date of this Notice.

NOTE: Pursuant to Local Bankr. R. 3015-2(b), the Debtor's attorney, or the Debtor, if not represented by counsel, must appear at the confirmation hearing unless specifically excused by Court order. Failure to attend may result in denial of confirmation of the Chapter 13 Plan.

Dated: February 19, 2026

Pietro Cicolini
Clerk of Court

United States Bankruptcy Court
District of Connecticut
157 Church Street, 18th Floor
New Haven, CT 06510

Tel. (203) 773-2009
VCIS* (866) 222-8029
* Voice Case Information System
http://www.ctb.uscourts.gov
Form 112 - sms

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| Robert L. Rice | : | Case No. 25-30870 |
| Debtor | : | |
| | : | February 27, 2026 |

<u>**CERTIFICATE OF SERVICE**</u>

    The undersigned hereby certifies that on the 27th day of February 2026, in accordance with Fed.R.Bankr.P. 2002(g) and 9013, I served via the Court's CM/ECF system on all parties qualified to receive electronic notice, or sent by First Class mail, postage prepaid, as indicated, a copy of the foregoing *Amendment to Petition*, §341 Notice, First Amended Chapter 13 Plan, and Notice of Confirmation Hearing, all attached hereto, upon the following:

<u>**Via Electronic Service:**</u>

<u>U.S. Trustee:</u>
USTPRegion02.NH.ECF@USDOJ.GOV

<u>Roberta Napolitano:</u>
notices@ch13rn.com,
rnapolitano13@ecf.epiqsystems.com;trusteeCTBRN@ecf.epiqsystems.com

<u>**Via First-Class Mail:**</u>

Robert L. Rice
113 Daniel Road
Hamden, CT 06517

State of Connecticut
Attn: President / Manager
Department of Labor
200 Folly Brook Boulevard
Wethersfield, CT 06109

BY: /s/ Jennifer Tremesani
Jennifer Tremesani, Esquire
Law Offices of Neil Crane, LLC
2679 Whitney Avenue
Hamden, CT 06518
(203) 230-2233
Fed Bar #ct29824