**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

IN RE:
ROBERT L. RICE
*AKA ROBERT RICE*
*AKA ROBERT LARRY RICE*                                      : CHAPTER 13
    DEBTOR                                          : CASE NO. 25-30870

CAPITAL ONE AUTO FINANCE,
A DIVISION OF CAPITAL ONE, N.A.
    MOVANT

VS.
ROBERT L. RICE
*AKA ROBERT RICE*
*AKA ROBERT LARRY RICE*
ROBERTA NAPOLITANO, TRUSTEE                                  : May 29, 2026
    RESPONDENTS

## MOTION FOR RELIEF FROM STAY

The undersigned Movant, Capital One Auto Finance, a division of Capital One, N.A., a secured creditor of the above-named Debtor, Robert L. Rice ("Debtor"), by and through its undersigned attorneys, pursuant to 11 U.S.C. Section 362 (d) and Bankruptcy Rule 4001, moves this Court for an Order affording relief from the automatic stay imposed by 11 U.S.C., Section 362(a) ("Stay") and as grounds therefore respectfully represents the following to the Court:

1. Movant seeks relief for the purpose of enforcing its Retail Installment Contract Simple Finance Charge against the Debtor's interest in a **2014 Mercedes-Benz E-Class, VIN: WDDHF8JB8EB025892** (hereinafter the "Vehicle".)

2. The Movant is the owner and holder of a Retail Installment Contract Simple Finance Charge, dated April 29, 2022, attached hereto as Exhibit A. A copy of the Certificate of Title is attached hereto as Exhibit B.

3. The approximate J.D. Power Used Car Guide Clean Retail adjusted value of the Vehicle is $12,100.00, attached hereto as Exhibit C.  As of May 11, 2026, the amount of the Movant's debt is approximately $11,908.94.

4. Upon information and belief no interest or principal payments are being made to Movant by the Debtor. As of May 11, 2026, the Debtor is post-petition due for 1 Partial payment of $79.11 (September 29, 2025) and 7 monthly payments (October 29, 2025 – April 29, 2026) at $479.11 each month and a suspense credit of $0.00, which totals $3,432.88.

5. Pursuant to 11 U.S.C. § 362(d)(1), cause exists for relief from the automatic stay for the following reasons:

      (a)    The Debtor is Post Petition delinquent with payments and the non-payment is insufficient to protect Movant's interest.

      (b)    Movant's interest in the Property is not adequately protected.

WHEREFORE, Movant requests relief from the Stay by allowing Movant to enforce its interests in the Vehicle, including but not limited to repossession of the Vehicle in accordance with Secured Agreement. Movant further requests that Fed.R.Bankr.P. 4001(a)(4) be waived and that the Movant may immediately enforce the order. The basis for the waiver request is that the value of the vehicle continues to depreciate on a daily basis and the Movant is not being adequate protected.

Dated at New Haven, Connecticut this 29th day of May, 2026.

By:    */s/ Linda  St. Pierre*
        Linda  St. Pierre, Esq.
        McCalla Raymer Leibert Pierce, LLP
        280 Trumbull St. 23FL
        Hartford, CT 06103
        Fed Bar No. CT CT22287

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

IN RE:
ROBERT L. RICE
*AKA ROBERT RICE*
*AKA ROBERT LARRY RICE*                                              :  CHAPTER 13
    DEBTOR                                                :  CASE NO. 25-30870

CAPITAL ONE AUTO FINANCE,
A DIVISION OF CAPITAL ONE, N.A.
    MOVANT
VS.
ROBERT L. RICE
*AKA ROBERT RICE*
*AKA ROBERT LARRY RICE*
ROBERTA NAPOLITANO, TRUSTEE                                  :  May 29, 2026
    RESPONDENTS

PROPOSED ORDER GRANTING CAPITAL ONE AUTO FINANCE, A DIVISION OF
CAPITAL ONE, N.A. RELIEF FROM STAY

        After notice and a hearing on the above-referenced Motion for Relief from Stay, RE:

ECF NO. ____:

        **IT IS HEREBY ORDERED** that the Automatic Stay of Section 362(a) is modified to permit Capital One Auto Finance, a division of Capital One, N.A., and/or its successors and assigns to enforce its interests in the **2014 Mercedes-Benz E-Class, VIN: WDDHF8JB8EB025892** in accordance with security interest.

        **IT IS FURTHER ORDERED** that the 14 day stay of Fed.R.Bankr.P. 4001(a)(4) is waived and that Capital One Auto Finance, a division of Capital One, N.A. may immediately enforce and implement this order granting relief from automatic stay.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

IN RE:
ROBERT L. RICE
*AKA ROBERT RICE*
*AKA ROBERT LARRY RICE*
    DEBTOR

          :  CHAPTER 13
          :  CASE NO. 25-30870

CAPITAL ONE AUTO FINANCE,
A DIVISION OF CAPITAL ONE, N.A.
    MOVANT
VS.
ROBERT L. RICE
*AKA ROBERT RICE*
*AKA ROBERT LARRY RICE*
ROBERTA NAPOLITANO, TRUSTEE
    RESPONDENTS

          :  May 29, 2026

### NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

Capital One Auto Finance, a division of Capital One, N.A., (the "Movant") has filed a

Motion for Relief from Stay, (the "Contested Matter") in the above-captioned case.  Notice is

hereby given that any response to the Contested Matter must be filed with the Court no later than

**June 12, 2026,** in accordance with Federal Rules of Bankruptcy Procedure 2002(a) and 9014*.

In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter

without further notice and hearing, see, 11 U.S.C. section 102(1).

Dated:   05/29/2026            By:   ***/s/ Linda  St. Pierre***

                                     Linda  St. Pierre, Esq.
                                     McCalla Raymer Leibert Pierce, LLP
                                     280 Trumbull St. 23FL
                                     Hartford, CT 06103
                                     Fed Bar No. CT CT22287

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

IN RE:
ROBERT L. RICE
*AKA ROBERT RICE*                                          : CHAPTER 13
*AKA ROBERT LARRY RICE*                                    : CASE NO. 25-30870
    DEBTOR

CAPITAL ONE AUTO FINANCE,
A DIVISION OF CAPITAL ONE, N.A.
    MOVANT
VS.
ROBERT L. RICE
*AKA ROBERT RICE*
*AKA ROBERT LARRY RICE*
ROBERTA NAPOLITANO, TRUSTEE                                 : May 29, 2026
    RESPONDENTS

<u>NOTICE OF CONTESTED MATTER RESPONSE DEADLINE CERTIFICATION</u>

The undersigned hereby certifies that on the 29th day of May, 2026, in accordance with applicable law, I served the following documents upon the entities listed below (constituting all entities entitled to notice):

(1) a copy of the pleading initiating the contested matter, specifically:
Motion for Relief from Stay;

(2) a copy of the Proposed Order associated therewith; and

(3) a Notice of Contested Matter Response Deadline

Robert L. Rice
113 Daniel Road
Hamden, CT 06517

Audra Buckland                                  *(served via ECF notification)*
Law Offices of Neil Crane
2679 Whitney Avenue
Hamden, CT 06518
(Debtor's Attorney)

Roberta Napolitano                              *(served via ECF notification)*
Chapter 13 Trustee
10 Columbus Boulevard
Ste 6th Floor
Hartford, CT 06106
(Trustee)

U. S. Trustee
Office of the U.S. Trustee                                    *(served via ECF Notification)*
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
(U.S. Trustee)


                                        */s/ Linda  St. Pierre*
                                        Linda  St. Pierre, Esq.
                                        McCalla Raymer Leibert Pierce, LLP
                                        280 Trumbull St. 23FL
                                        Hartford, CT 06103
                                        Fed Bar No. CT CT22287

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

In re:

*ROBERT L. RICE,*
AKA ROBERT RICE
AKA ROBERT LARRY RICE

Debtor(s)

Chapter 13

Case No. 25-30870

DECLARATION IN SUPPORT OF
MOTION FOR RELIEF FROM AUTOMATIC STAY

I, _____ Noe Gandara _____, declare under penalty of perjury as follows:

1.    I am a/an ___ COAF Ops Sr. Coordinator ___ of Capital One Auto Finance, a division of Capital One, N.A. ("Movant") and am authorized to sign this declaration on behalf of Movant. This declaration is provided in support of the Motion for Relief from Stay (the "Motion") filed contemporaneously herewith.

2.    Movant, directly or through an agent, has possession of the Retail Installment Contract Simple Finance Charge (the "Note"). The Note is either made payable to Movant or has been duly endorsed. Movant is the assignee of the Note. Movant is an entity entitled to enforce the Note and has standing.

3.    As part of my job responsibilities for Movant, I have personal knowledge of and am familiar with the types of records maintained by Movant in connection with the loan that is the subject of the Motion (the "Loan") and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Movant that pertain to the Loan and extensions of credit given to Debtor

concerning the Collateral securing such Loan regarding a **2014 Mercedes-Benz E-Class, VIN: WDDHF8JB8EB025892**.

4. The information in this declaration is taken from Movant's business records regarding the Loan. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Capital One Auto Finance, a division of Capital One, N.A.'s regularly conducted business activities; and (c) it is the regular practice of Movant to make such records.

5. Robert L. Rice, aka Robert Rice aka Robert Larry Rice, is otherwise obligated with respect to that certain Retail Installment Contract Simple Finance Charge referenced in the Motion. Pursuant to the Note, all obligations of the Debtor under and with respect to the Note are secured by the Collateral referenced in the Motion.

6. As of May 11, 2026, there are one or more defaults in paying amounts due with respect to the Note.

7. As of May 11, 2026, the approximate total debt owing under the Note is $11,908.94.

8. The following chart sets forth those post petition payments, due pursuant to the terms of the Note, that have been missed by the Debtor as of May 11, 2026:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|
| 1 | 9/29/25 | 9/29/25 | $79.11 | $79.11 |
| 7 | 10/29/25 | 4/29/26 | $479.11 | $3,353.77 |

**Total: $3,432.88**

-3-

9.      As of May 11, 2026, the total arrearage/delinquency is $3,911.99 comprised of

a) post petition default of $3,432.88 and b) prepetition arrears of $479.11. This

is the amount necessary to cure any default on or about the date hereof.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the

laws of the United States of America that the foregoing is true and correct.


Executed this **27th** day of _____ **May** _____, **2026** .


_____
Name: Noe Gandara
Title: COAF Ops Sr. Coordinator

-3-



Account number ████████████

## Transactions as of May 11, 2026

| EFFECTIVE | CATEGORY | AMOUNT |
|---|---|---|
| Dec 30, 2025 | Payment posted: standard allocation | -$200.00 |
| Oct 31, 2025 | Payment posted: standard allocation | -$200.00 |
| Aug 22, 2025 | Payment posted: standard allocation | -$479.11 |
| Jul 24, 2025 | Payment posted: standard allocation | -$479.11 |
| Jun 27, 2025 | Payment posted: standard allocation | -$479.11 |
| May 15, 2025 | Payment posted: standard allocation | -$479.11 |
| Apr 18, 2025 | Payment posted: standard allocation | -$478.22 |
| Apr 04, 2025 | Payment posted: standard allocation | -$480.00 |
| Feb 21, 2025 | Payment posted: standard allocation | -$479.11 |
| Jan 23, 2025 | Payment posted: standard allocation | -$479.11 |
| Jan 08, 2025 | Late fee assessed | $10.00 |
| Nov 30, 2024 | Payment posted: standard allocation | -$479.11 |
| Nov 28, 2024 | Payment posted: standard allocation | -$479.11 |
| Oct 18, 2024 | Payment posted: standard allocation | -$479.11 |
| Sep 23, 2024 | Payment posted: standard allocation | -$479.11 |
| Aug 23, 2024 | Payment posted: standard allocation | -$479.11 |
| Jul 12, 2024 | Payment posted: standard allocation | -$479.11 |
| Jun 13, 2024 | Payment posted: standard allocation | -$479.11 |
| Jun 08, 2024 | Late fee assessed | $10.00 |

| EFFECTIVE | CATEGORY | AMOUNT |
| --- | --- | --- |
| Jun 06, 2024 | Payment returned: standard allocation | $479.11 |
| Jun 06, 2024 | Payment posted: standard allocation | -$479.11 |
| Apr 29, 2024 | Payment posted: standard allocation | -$479.11 |
| Apr 04, 2024 | Payment posted: standard allocation | -$479.11 |
| Mar 04, 2024 | Payment posted: standard allocation | -$479.11 |
| Feb 01, 2024 | Payment posted: standard allocation | -$479.11 |
| Jan 03, 2024 | Payment posted: standard allocation | -$479.11 |
| Dec 01, 2023 | Payment posted: standard allocation | -$479.11 |
| Oct 30, 2023 | Payment posted: standard allocation | -$479.11 |
| Sep 28, 2023 | Payment posted: standard allocation | -$479.11 |
| Aug 28, 2023 | Payment posted: standard allocation | -$479.11 |
| Jul 28, 2023 | Payment posted: standard allocation | -$479.11 |
| Jul 07, 2023 | Payment posted: standard allocation | -$479.11 |
| May 30, 2023 | Payment posted: standard allocation | -$479.11 |
| Apr 26, 2023 | Payment posted: standard allocation | -$479.11 |
| Mar 25, 2023 | Payment posted: standard allocation | -$479.11 |
| Feb 25, 2023 | Payment posted: standard allocation | -$479.11 |
| Jan 30, 2023 | Payment posted: standard allocation | -$479.11 |
| Dec 29, 2022 | Payment posted: standard allocation | -$479.11 |
| Nov 30, 2022 | Payment posted: standard allocation | -$479.11 |
| Oct 24, 2022 | Payment posted: standard allocation | -$479.11 |
| Sep 24, 2022 | Payment posted: standard allocation | -$479.11 |
| Aug 25, 2022 | Payment posted: standard allocation | -$479.11 |
| Jul 28, 2022 | Payment posted: standard allocation | -$479.11 |
| Jun 23, 2022 | Payment posted: standard allocation | -$479.11 |
| May 19, 2022 | Payment posted: standard allocation | -$479.11 |

# EXHIBIT A

RETAIL INSTALLMENT CONTRACT
SIMPLE FINANCE CHARGE

**ILAW 553-CT-eps 12/21**

| Buyer Name and Address (Including County and Zip Code) ROBERT RICE 113 DANIEL RD HAMDEN, CT 06517 NEW HAVEN | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) Newfield Auto Sales 1000 Newfield Street Middletown CT 06457 |
|---|---|---|

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2014 | Mercedes-Benz E-Class | WDDHF8JB8EB025892 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ _____ |

### TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1,000.00 is |
|---|---|---|---|---|
| 16.12 % | $ $10,738.56 | $ $20,882.70 | $ $31,621.26 | $ $32,621.26 |

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos.

_____
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs **X** _____

### Your Payment Schedule Will Be:

(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 66 | $ $479.11 | 05/29/2022 beginning |
| | $ | |

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __10.00__ or __5__ % of the part of the payment that is late, whichever is __less__ .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI** insurance): If the preceding box is checked, we require VSI insurance for the initial term of the contract to protect us for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for our protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through us, **the cost of this insurance is $ __$n/a__** and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Finance Charge begins on the date of this contract unless the box in the next sentence is checked. If this box is checked, ☐ Finance Charge begins on** _____ **and we will not charge Finance Charge before this date, even if you pay late. Regardless of whether the box in the preceding sentence is checked, once Finance Charge begins, you will have to pay Finance Charge on the unpaid Amount Financed at the Annual Percentage Rate shown above. (See also Section 1.a. on page 3.)**

If you make any required payment (including any deferred payment) more than 10 days late, you will have to pay a late charge as described above. If you make any required payment (including any deferred payment) late, we may also take the steps described in Sections 3.b. through 3.g. on pages 3 and 4.

By signing below, you agree that we told you what may happen if you do not make the first or any other required payment (including any deferred payment) on time.

Buyer Signs X _____   Co-Buyer Signs X _____

Buyer Signs X _____ Co-Buyer Signs X _____

Page 1 of 5

**ITEMIZATION OF AMOUNT FINANCED**

1  Cash Price (including $ $1,294.70 ___ sales tax)          $ $21,284.70 ___ (1)

2  Total Downpayment =

   Trade-In _____
       (Year)    (Make)    (Model)

   Gross Trade-In Allowance                      $ $n/a ___
   Less Pay Off Made By Seller to _____        $ $n/a ___
   Equals Net Trade In                           $ $n/a ___
   + Cash                                        $ $1,000.00 ___
   + Other _____                       $ n/a ___
   + Other _____                       $ n/a ___
   + Other _____                       $ n/a ___
   (If total downpayment is negative, enter "0" and see 4I below)   $ $1,000.00 ___ (2)

3  Unpaid Balance of Cash Price (1 minus 2)      $ $20,284.70 ___ (3)

4  Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):

   A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life _____  $  $n/a
      Disability _____  $  $n/a         $ $n/a ___
   B  Vendor's Single Interest Insurance Paid to Insurance Company    $ $n/a ___
   C  Other Optional Insurance Paid to Insurance Company or Companies  $ n/a ___
   D  Optional Gap Contract                                           $ $n/a ___
   E  Official Fees Paid to Government Agencies
      to _____ for   State of CT                $ $n/a ___
      to _____ for _____                      $ n/a ___
      to _____ for _____                      $ n/a ___
   F  Government Taxes Not Included in Cash Price                     $ n/a ___
   G  Government License and/or Registration Fees

      _____             $ $199.00 ___
   H  Government Certificate of Title Fees         $ $n/a ___
   I  Other Charges (Seller must identify who is paid and describe purpose)
      to _____ for Prior Credit or Lease Balance   $ n/a ___
      to Newfield Auto Sales  for  Doc Fee         $ $399.00 ___
      to _____ for   Service Contract            $ $n/a ___
      to _____ for _____                       $ $n/a ___
      to _____ for _____                       $ $n/a ___
      to _____ for   VIN Etch                    $ $n/a ___
      to _____ for _____                       $ n/a ___
      to _____ for _____                       $ n/a ___
      to _____ for _____                       $ n/a ___
      to _____ for _____                       $ n/a ___
      to _____ for _____                       $ n/a ___
      to _____ for _____                       $ n/a ___
      to _____ for _____                       $ n/a ___
      Total Other Charges and Amounts Paid to Others on Your Behalf   $ $598.00 ___ (4)

5  Amount Financed (3 + 4)                        $ $20,882.70 ___ (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
_____ , Year _____ . SELLER'S INITIALS _____

**Returned Payment Charge:** If the cash price of the vehicle is more than $50,000, you agree to pay a charge of $ ___20___ if any check you give us is dishonored or any electronic payment is returned unpaid.

Buyer Signs X _~~(signature)~~_  Co-Buyer Signs X _____

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
**Optional Credit Insurance**

☐ Credit Life:  ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability:  ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
   Credit Life $ n/a _____
   Credit Disability $ n/a _____
Insurance Company Name _____

Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed.
Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☐ _____
  Type of Insurance    Term
Premium $ n/a
Insurance Company Name _____
Home Office Address _____

☐ _____
  Type of Insurance    Term
Premium $ n/a
Insurance Company Name _____
Home Office Address _____

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

X _____     04/29/2022
Buyer Signature                    Date
X _____     04/29/2022
Co-Buyer Signature                 Date

**THE INSURANCE INCLUDED IN THIS CONTRACT DOES NOT PROVIDE COVERAGE FOR PERSONAL LIABILITY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

Page 2 of 5

**OTHER IMPORTANT AGREEMENTS**

### 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

### 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee.

If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, if less, the highest rate the law permits.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once subject to any right the law gives you to reinstate this contract. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property, unless you are an individual and the bankruptcy is under Chapter 7 of the US Bankruptcy Code (11 U.S.C. Sections ███████;
- Your debt, or the obligation to pay any █████ amount you owe under this contract, is discharged in a bankruptcy; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount due and payable under this contract.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.

Buyer Signs X _____ Co-Buyer Signs X _____                    ████████████        Page 3 of 5

f. **We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are the actual and reasonable expenses we pay as a direct result of taking the vehicle, storing it, and selling it. Attorney fees and court costs the law permits are also allowed expenses.

If any money is left (surplus), we will pay it to you. If not, we will apply the greater of the money from the sale or the market value of the vehicle, less allowed expenses, to the amount you owe.

If the amount we apply (less allowed expenses) is not enough to pay all you owe, you must pay the rest to us, unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay. The market value of the vehicle will be figured as the law requires.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**

The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. It does **not** apply at all if you bought the vehicle primarily for personal, family, or household use.

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **SERVICING AND COLLECTION CONTACTS**

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **APPLICABLE LAW**

Federal law and the law of the state of Connecticut apply to this contract.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

**NO COOLING OFF PERIOD**

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

Buyer Signs X _____ Co-Buyer Signs X _____

Page 4 of 5

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.  Buyer Signs **X** _[signature]_  Co-Buyer Signs **X** _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See the rest of this contract for other important agreements.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a true and completely filled-in copy when you signed it.**

**NOTICE TO THE BUYER: 1.** Do not sign this contract before you read it or if it contains any blank space. **2.** You are entitled to a completely filled-in copy of the contract when you sign it. **3.** Under the law, you have the following rights, among others: **(a)** To pay off in advance the full amount due and obtain a partial refund of any unearned finance charge; **(b)** to redeem the property if repossessed for a default; **(c)** to require, under certain conditions, a resale of the property if repossessed.

Buyer Signs **X** _[signature]_ Date _04/29/2022_ Co-Buyer Signs **X** _____ Date _04/29/2022_
Buyer Printed Name _____  Co-Buyer Printed Name _____
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name _____ Title _____
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here **X** _____ Address _____
Seller signs _Newfield Auto Sales_ Date _04/29/2022_ By **X** _[signature]_ Title _GM_

Seller assigns its interest in this contract to   CAPITAL ONE AUTO FINANCE                 (Assignee) under the terms of Seller's agreement(s) with Assignee.

| ☐ Assigned with recourse | ☑ Assigned without recourse | ☐ Assigned with limited recourse |
|---|---|---|

Seller  Newfield Auto Sales
By **X**   ARBEN STATOVCI   _[signature]_                                                Title   _GM_

# EXHIBIT B

# CERTIFICATE OF TITLE



## STATE OF CONNECTICUT
## DEPARTMENT OF MOTOR VEHICLES

| VEHICLE/HULL IDENTIFICATION NUMBER (VIN/HIN) | TITLE NUMBER | DATE OF ISSUE | PRIOR TITLE NUMBER | PRIOR STATE |
|---|---|---|---|---|
| WDDHF8JB8EB025892 | ▮ | 05/14/2022 | ▮ | RI |

| PURCHASED | YEAR | MAKE | MODEL | BODY STYLE | CYL | NEW/USED | ODOMETER | FUEL TYPE |
|---|---|---|---|---|---|---|---|---|
| 04/29/2022 | 2014 | Merce | E3504m A | 4D | ▮ | USED | 086619 | Gasoline |

| VESSEL TYPE | HULL MATERIAL | ENGINE DRIVE TYPE | PROPULSION TYPE | LENGTH |
|---|---|---|---|---|
| | | | | ' |

**OWNER(S)**
RICE, ROBERT L
113 DANIEL RD
HAMDEN, CT 06517 - 2210

**FIRST LIENHOLDER**
CAPITAL ONE AUTO FINANCE
PO BOX 660068
SACRAMENTO, CA 95866

DATE OF LIEN
04/29/2022

**SECOND LIENHOLDER**

DATE OF LIEN

### RELEASE OF LIENS

**FIRST LIEN INTEREST IN DESCRIBED VEHICLE/VESSEL IS HEREBY RELEASED**

NAME

| AUTHORIZED SIGNATURE | DATE RELEASED |
|---|---|
| X | |

**SECOND LIEN INTEREST IN DESCRIBED VEHICLE/VESSEL IS HEREBY RELEASED**

NAME

| AUTHORIZED SIGNATURE | DATE RELEASED |
|---|---|
| X | |

```
CAPITAL ONE AUTO FINANCE
PO BOX 660068
SACRAMENTO, CA 95866
```

The Commissioner of Motor Vehicles hereby certifies that an application for a certificate of title for the vehicle/vessel described herein has been duly fiied, pursuant to the provisions of the laws of the State of Connecticut, and based on the statements of the applicant and the records on file with this agency. The applicant named is the owner of said vehicle/vessel. The Department of Motor Vehicles further certifies that the vehicle/vessel is subject to any security interests shown herein.

IN WITNESS WHEREOF,
I have affixed my hand.

_Deborah M Aguebor_
COMMISSIONER OF MOTOR VEHICLES

VEHICLE/HULL IDENTIFICATION NUMBER (VIN/HIN)     TITLE NUMBER

**VOID IF ALTERED**

THIS TITLE CONTAINS A WATERMARK — THIS TITLE CONTAINS A WATERMARK

# EXHIBIT C

# J.D. POWER

05/11/2026

J.D. POWER Used Cars/Trucks

## Vehicle Information

| | |
|---|---|
| Vehicle : | 2014 Mercedes-Benz E-Class Sedan 4D E350 AWD 3.5L V6 |
| Region : | Eastern |
| Period : | May, 2026 |
| VIN : | WDDHF8JB8EB025892 |
| Mileage : | 147500 |

## J.D.POWER Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Weekly Auction** | | | | |
| **Weekly Used** | | | | |
| Rough Trade-In | $7375.00 | $0 | 0 | $7375.00 |
| Average Trade-In | $8556.25 | $0 | 0 | $8556.25 |
| Clean Trade-In | $9737.50 | $0 | 0 | $9737.50 |
| Clean Retail | $12100.00 | $0 | 0 | $12100.00 |

## Selected Options

| Trade-In/Loan | Retail |
|---|---|

J.D. Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2021 J.D. Power